## Case No. 16,948.

### The VINCENZO T.

[10 Ben. 228.] 1

District Court, S. D. New York. Jan., 1879.

BILL OF LADING—DAMAGE TO CARGO—STOWAGE—
PERIL OF THE SEA—BURDEN OF PROOF.

A piece of marble statuary was shipped at Leghorn on board a bark. packed in a wooden case, to be carried to New York. It had been packed at Carrara, and brought to Leghorn in a lighter. A bill of lading was given for it by the bark acknowledging the receipt of the case in good order, "measurement and contents unknown," and excepting perils of the seas. On the discharge of the case·at New York, it was externally in good condition, but a rattling was heard in it, and on opening it the statuary was found to be broken, and the bark wa... libelled for the damage. The case was proved to have been well stowed. The bark met with heavy weather on the passage: *Held*, that the burden was on the libellant to show that the statuary was in good condition when it was delivered to the bark; and that in the absence of such proof, and on the proof of good stowage of the case and of perils of the seas, the vessel was not liable for the damage.

In admiralty.

H. T. Schenck, for libellant.
W. R. Beebe. for claimants.

CHOATE, District Judge. This is a libel in rem to recover for damages to a piece of marble statuary shipped at Leghorn, for New York, alleged to have been broken by reason of bad stowage or negligent carriage. The bill of lading acknowledged the receipt of a case containing "marble works." in good order. "measurement and contents unknown." The piece of statuary was packed in a wooden case, and on delivery in New York it was found to be broken.

Under the bill of lading the burden was on the libellant to prove that when the case was delivered to the vessel its contents were in good order and condition. The Columbo [Case No. 3,040]; Clark v. Barnwell, 12 How. [53 U. S.] 272. It appeared that the case was brought by a lighter from Carrara to Leghorn, and there shipped on board the bark. The master, mate and seamen were all examined and testified that it was carefully handled and properly stowed. It was stowed in the upper layer of the cargo and near the deck beams. The testimony also is that in discharging it was carefully handled. While it was being taken over the side of the vessel at New York, a rattling noise was heard in the case. The vessel encountered several very heavy gales. I think the libellant has not produced the necessary evidence that the piece of statuary was in good order and condition when delivered to the ship, and that

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

the evidence does not warrant the conclusion that it was improperly stowed or negligently carried. Nothing is shown to have happened after its receipt by the ship which could have produced the injury, unless it be the rolling and pitching of the vessel, and, as the stowage is proved to be good, this (if the cause of the injury) is not chargeable to the vessel under the bill of lading, which excepted perils of the sea. It is suggested that the case may, in the rolling of the ship, have·been thrown up against the deck beams and thus the statuary been broken, and that it should have been placed further from the beams; but this is mere conjecture, and not a conclusion that can properly be drawn from the evidence. It is claimed that if it had been broken when received by the vessel, a rattling noise within the case would have been then heard. And one or more of the seamen testified that they heard no rattling when it was delivered to the vessel at Leghorn. I think, however, that this circumstance is not of sufficient weight to overcome the evidence that has been produced of the careful handling and stowage of the case. When delivered in New York, the case was externally uninjured and apparently in the same condition in which it was received on board. Whether the marble was broken before it was put on board, or by the· rolling and pitching of the ship on the voyage, is not proven. The evidence is that it was packed in the case in a proper and usual manner, with wooden braces, but its form. was such that the upper part of the marble, two feet and more in length, a slender cross. but weighing about a hundred and fifty pounds, could not be braced. This part of it was therefore peculiarly liable to breakage.

Libel dismissed with costs.